IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04897-GPG

CRISTIAN PEDRO QUISPE PONCE,

Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official capacity;
TODD BLANCHE, U.S. Attorney General, in his official capacity;
JUAN BALTAZAR, Warden of the Denver Contract Facility, in his official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Petition) (D. 1). Petitioner seeks release or, in the alternative, a bond hearing at which the government bears the burden of proof (*id*. at 8). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner has previously received a bond hearing at which he was denied bond by Immigration Judge (IJ) Robyn Ross based on a finding of "Danger. Two recent DUI convictions" (D. 1-2 at 1). Petitioner asserts, in part, that the hearing violated due process.[1] The record indicates that Petitioner bore the burden of showing Petitioner was subject to detention and indicates that the government did not present any evidence against Petitioner (D. 1 at 3).

Respondents have taken to filing responses indicating that they will not be filing a brief in opposition in these types of cases, so an Order to Show Cause would result in unnecessary delay. However, should Respondents wish to raise an argument in opposition to the grant of relief, they should do so expeditiously.

This Court has previously held that due process requires that the government bear the burden of proving danger to the community and flight risk at immigration custody hearings. *See Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936, *3 (D. Colo. Nov. 14, 2025). For the same reasons, the Court finds that Petitioner is held in violation of due process because the government has not met its burden to show that he is properly detained. Although the Court will not order Petitioner's immediate release at this point, it will order a bond hearing at which the government bears the burden of proof so that the IJ may address the evidence applying the proper burden.

Accordingly, Petitioner's Petition (D. 1) is GRANTED IN PART, requiring a bond hearing at which the government bears the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3

[1] Petitioner raises additional issues not addressed by the Court in this Order, including whether his hearing was administratively improper. Such issues may need to be addressed if Petitioner is not released on bond following the hearing ordered herein.

(holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondent shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondent has the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1240 (10th Cir. 2026). Additionally, Respondent SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondent is ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondent is further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, the reasons for that denial, and a copy of any IJ order denying bond. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED October 2, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge